```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

DANNY WRIGHT, # 229150,   \*
                          \*
    Plaintiff,        \*
                          \*
vs.                       \*   CIVIL ACTION NO. 20-00407-KD-B
                          \*
LT. DAVIS, *et al.*,      \*
                          \*
    Defendants.       \*

## ORDER

This action is before the Court on Plaintiff Danny Wright's second and third motions for appointment of counsel. (Docs. 41, 42).[1] In the motions, Wright states that does not understand what has been going on in his case and needs help litigating his claims, and he asserts that the Defendants are hiding video footage and other evidence relevant to his claims. (See id.).

Under 28 U.S.C. § 1915(e)(1), a district court has broad discretionary authority to appoint counsel for an indigent plaintiff in a civil case. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating that the district court has "broad discretion" in deciding

---

[1] The Court denied Wright's first motion for appointment of counsel (Doc. 10) on January 8, 2021, subject to later reconsideration if the circumstances of the case changed. (Doc. 13).

whether to appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1)).

As a civil litigant, Wright has no absolute statutory or constitutional right to counsel. See Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010) (per curiam); Bass, 170 F.3d at 1320 ("A plaintiff in a civil case has no constitutional right to counsel."). Appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Wright has yet again failed to show that the instant case presents exceptional circumstances that would require the appointment of counsel at this stage. Wright's claims and the applicable legal doctrines are straightforward, and the record reflects that Wright has been able to present his factual allegations and claims with no apparent difficulty. Accordingly, Wright's motions for appointment of counsel (Docs. 41, 42) are **DENIED**.

**DONE** this **15th** day of **November, 2022.**

>                                        /s/ SONJA F. BIVINS
>                              **UNITED STATES MAGISTRATE JUDGE**